IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**PAUL A. ADKINS**
N1715 Virginia Drive
Waupaca, WI 54981

      Plaintiff,

v.

**WAUPACA FOUNDRY, INC.**
1955 Brunner Drive
Waupaca, WI 54981-8866

      Defendant.

Case No.: 19-cv-1580

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Paul A. Adkins, through his attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Lili C. Behm, for his Complaint against the Defendant, Waupaca Foundry, Inc., states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Paul A. Adkins, brings this action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101, *et. seq.*, and alleges discrimination based on his disability.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the ADA, as amended, 42 U.S.C. §§ 12117, 2000e, *et seq*.

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this district.

4. The Court has personal jurisdiction over the Defendant because Defendant's principal offices are located in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 20, 2018, within three hundred (300) days after the unlawful employment practices occurred.

6. On August 2, 2019, upon Plaintiff's request, the EEOC issued a Notice of Right to Sue.

7. This action is brought within ninety (90) days after Plaintiff's receipt of said Notice. A true and correct copy of the Right to Sue letter is attached hereto as **Exhibit A**.

## PARTIES

8. Plaintiff, Paul A. Adkins ("Mr. Adkins") is an adult resident of the State of Wisconsin residing at N1715 Virginia Drive, Waupaca, WI 54981. Mr. Adkins was an employee of Defendant, Waupaca Foundry, Inc.

9. Defendant, Waupaca Foundry, Inc. ("Waupaca Foundry") is a Wisconsin business corporation, organized and operated pursuant to Wis. Stat. chapter 180. Waupaca Foundry's principal office is located at 1955 Brunner Drive, Waupaca, WI 54981-8866.

10. At all times relevant hereto, Waupaca was Mr. Adkins' "employer" as that term is defined by the ADA.

11. At all relevant times, Waupaca Foundry has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## FACTUAL ALLEGATIONS

12. Mr. Adkins began working for Waupaca Foundry on or about September 13, 1993. Most recently, he worked as an HMI/SCADA programmer.

13. Mr. Adkins was an excellent employee. In his nearly twenty-four (24) years of employment, he was never disciplined and he received consistently above average to exceptional performance evaluations. He was also given merit raises every year.

14. In Mr. Adkins's most recent performance review in September 2016, he received scores of "above average" to "exceptional" in most performance categories. Defendant raised no performance concerns in this review.

15. Mr. Adkins suffers from extreme obesity, which has a physiological cause and which significantly impairs his ability to walk. Waupaca Foundry was aware that Mr. Adkins' obesity rose to the level of disability because, in part, he had previously requested and been granted a handicap parking spot close to his office.

16. Mr. Adkins' obesity impairs his performance of major life activities including walking, working, and breathing.

17. Mr. Adkins also suffers from major depressive disorder, which is characterized by symptoms including sadness and hopelessness, feelings of worthlessness and guilt, sleep disturbances, anhedonia, and lack of energy. Major depressive disorder impacts major life activities, *inter alia*, sleeping, reading, and working.

18. In November 2016, Mr. Adkins was removed from his programming duties, with no explanation. From November 2016 on, Mr. Adkins updated software patches for approximately eight (8) hours per month.

19. Mr. Adkins began taking FMLA leave on June 1, 2017 for depression. Throughout his leave, he kept Waupaca Foundry apprised of his progress through therapy and his projected return to work. On June 27, 2017, Mr. Adkins spoke with Mike Neyenhaus, his team leader, who assured him that his job was safe and that he still had a position on the team.

20. On or about June 28, 2017, however, Waupaca Foundry asked Mr. Adkins to switch from a programmer position to a "scheduler" position, which paid

4

approximately $60,000.00 less per year. Waupaca Foundry reiterated this offer on July 20, 2017.

21. Mr. Adkins later asked Waupaca Foundry if his programmer position was being eliminated. Human Resources Representative Barb Flees informed him that it was.

22. At the time, there was one (1) other programmer at the plant, Todd Feske. Mr. Feske had less seniority than Mr. Adkins and, to Mr. Adkins's knowledge, is not an individual with a disability. Mr. Feske's position was not eliminated.

23. On or about July 24, 2017, Mr. Adkins declined the scheduler position, and Waupaca Foundry presented him with termination paperwork, which he signed the same day. Mr. Adkins's last day as a Waupaca Foundry employee was August 4, 2017. Defendant, Waupaca Foundry terminated Mr. Adkins' employment.

24. Defendant's decision to eliminate Mr. Adkins' position and retain his non-disabled co-worker was motivated by Mr. Adkins' disabilities: obesity and depression.

## PLAINTIFF'S FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12132, et seq.: FAILURE TO ACCOMMODATE

25. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

26. Mr. Adkins' obesity and depression are disabilities as defined by § 12102 of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008.

5

27. Defendant failed to provide reasonable accommodations for Mr. Adkins' disabilities, in violation of the Americans with Disabilities Act.

28. Defendant eliminated Mr. Adkins' programmer position because of his disabilities, in violation of the Americans with Disabilities Act.

### PLAINTIFF'S SECOND CAUSE OF ACTION:
### VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12132, et seq.: DISCRIMINATION AND INTERFERENCE

29. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

30. Mr. Adkins' obesity and depression are disabilities as defined by § 12102 of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008.

31. Defendant discriminated against Mr. Adkins because of his disabilities, in violation of the Americans with Disabilities Act, when it terminated his employment.

32. Defendant eliminated Mr. Adkins' programmer position because of his disabilities, in violation of the Americans with Disabilities Act.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Mr. Adkins as a result of Defendant's discriminatory conduct, together with interest thereon;

B. Compensatory damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Punitive damages;

D. Mr. Adkins' costs in this action, including his reasonable attorney's fees, litigation expenses, and costs; and

E. Such other legal and equitable relief as the Court deems just and proper, including reinstatement to the position in which Mr. Adkins would now be employed but for the unlawful termination.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 28th day of October, 2019.

**HAWKS QUINDEL, S.C.**
*Counsel for Plaintiff, Paul A. Adkins*

By: */s/ Nicholas E. Fairweather*
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
Lili C. Behm, State Bar No.: 1107458
Email: lbehm@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236